UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD STRONG,

                         Plaintiff,                  Case Number 23-12500

v.                                        Honorable David M. Lawson
                                            Magistrate Judge Anthony P. Patti
ANDREW JOHNSON, KIM CARGOR, and
UNKNOWN MAILROOM STAFF,

                         Defendants.

_____/

## OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND CONTINUING REFERRAL

Plaintiff Richard Strong, a Michigan prisoner, filed a complaint without the assistance of an attorney alleging that a person in the mail room at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan, opened legal mail outside Strong's presence, and that an enclosure that was supposed to be included with the letter has disappeared. Strong did not know the name of the mailroom staffer when he filed his complaint, but he did sue the warden at JCF, Kim Cargor, and the JCF business manager, Andrew Johnson. The Court referred the case to Magistrate Judge Anthony P. Patti for pretrial management. Thereafter, defendants Johnson and Cargor filed a motion for summary judgment. Judge Patti issued a report on December 3, 2024 recommending that the Court grant the motion. The plaintiff filed timely objections to the report and recommendation and the matter is now before the Court.

I.

The plaintiff filed his complaint in the United States District Court for the Western District of Michigan on September 28, 2023. The case was transferred to this district on October 4, 2023. The complaint alleges that an unidentified staff member in the prison mailroom at JCF improperly

opened legal mail that was sent to the plaintiff, that defendant Andrew Johnson refused to divulge the identity of the responsible mailroom staffer in response to the plaintiff's inquiry, and that defendant Warden Kim Cargor improperly denied the plaintiff's grievance complaining about the mail tampering.  The motion for summary judgment by defendants Johnson and Cargor argues that the plaintiff failed to exhaust the internal administrative remedies available to prisoners, and that the complaint fails to state a claim against them.  The motion is supported by records from the plaintiff's prison file that document the disposition of his grievance concerning the mailroom incident.

The magistrate judge recommended that the motion should be granted on both grounds raised by the defendants.  Judge Patti observed that the grievance form completed by the plaintiff made no mention of Johnson or Cargor or any actions attributed to them and instead was confined to the plaintiff's complaint that his mail was mishandled by an unknown mailroom staffer.  The magistrate judge also pointed out that the only association with Johnson and Cargor in the administrative record was through the happenstance that they had signed a grievance adjudication form as respondent (Johnson) and reviewer (Cargor).  The magistrate judge concluded that the pleaded claims against defendants Johnson and Cargor must be dismissed because (1) no facts were alleged suggesting how those defendants personally were involved in any mishandling of the plaintiff's mail, and (2) concerning a presumed access-to-courts claim, the plaintiff failed to allege any facts suggesting that the mail incident resulted in prejudicial interference with any legal proceeding.

The plaintiff filed objections in which he argues that (1) contrary to the magistrate judge's assessment, he did not plead claims against the moving defendants exclusively in their "supervisory capacity," (2) the defendants can be held liable for "harm" caused by their improper

handling of the grievance and "cover up" of the mailroom misconduct, and (3) the plaintiff is required only to plead enough facts to put the defendants "on notice" about the nature of the pleaded claims.

## II.

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147, 106 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The defendants' motion invokes Federal Rules of Civil Procedure 12(b)(6) and 56(c). The former rule governs challenges to the sufficiency of the pleadings, and the latter provides for rulings as a matter of law based on benchmarking the evidentiary record against the required elements of the plaintiff's claims.

When evaluating a motion under Federal Rule of Civil Procedure 12(b)(6), the Court is called upon to determine if the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity,*

*Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). When reviewing the motion, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all [factual] allegations as true." *Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the motion record, "[t]he court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The magistrate judge correctly concluded that the complaint fails to plead plausible facts suggesting any individual misconduct by defendants Johnson and Cargor that could subject them to liability under 42 U.S.C. § 1983. That conclusion is dispositive of the claims against them and requires dismissal with prejudice regardless of whether the plaintiff properly pursued relief through prison administrative channels.

The only references in the complaint to defendant Andrew Johnson come from allegations that he was a "business manager" at the prison facility, that "his duties included overseeing the actions taken by mailroom staff," Compl., ¶ 4, ECF No. 1, PageID.2, and that Johnson failed or refused to respond to an inquiry by the plaintiff seeking the identity of the mailroom staffer who allegedly mishandled his legal mail, *id.* ¶ 15-16, PageID.3. As to defendant Kim Cargor, the

complaint alleges only that she is the Warden of the prison, that her duties included "correction of actions of administrative staff," and that she rejected the plaintiff's Step III grievance as "untimely" and raising a "nongrievable issue." Compl., ¶¶ 5, 17, PageID.2-3. The complaint pleads that Johnson's inaction and Cargor's "complacency" in response to his complaint of mail mishandling interfered with his right of access to the courts, in violation of the Fourteenth Amendment's Due Process Clause.

The plaintiff's complaint falls far short of pleading constitutional claims against defendants Johnson and Cargor because, even viewed in the most generous light, the complaint does not disclose any facts suggesting that either defendant personally was involved in any constitutional violation. Strong bases his claims on 42 U.S.C. § 1983, a federal statute that provides a vehicle for individuals to seek redress in court for violations of rights secured by the Constitution and laws of the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)) (holding that the "complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.").

Put another way, "[u]nder § 1983, there is no *respondeat superior* or vicarious liability." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (quoting *Collins v. City of Harker*

*Heights*, 503 U.S. 115, 122 (1992)).  To state a claim against the moving defendants under section 1983, the plaintiff must demonstrate that he or she "'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out [themselves]." *Ibid.* (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).  The pleading here fails to identify any such involvement, and the facts alleged suggest, at most, that Johnson and Cargor were aware of the alleged mishandling of mail and did nothing when the misconduct was brought to their attention through the plaintiff's grievance.  There are no facts pleaded to suggest direct participation, ratification, or acquiescence in any constitutional wrongdoing by the moving defendants.  In order to recover against an individual defendant under section 1983, the plaintiff must prove that the defendant's "own individual actions [] violated the Constitution."  *Iqbal*, 556 U.S. at 676, and it is axiomatic that the defendants may not be held liable based on merely a supervisory role, *ibid.*, or based solely on inaction in the face of a known constitutional violation, absent some affirmative endorsement or encouragement or direct participation in the misconduct, *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992) ("[T]he mere failure to act, even in the face of a statistical pattern of misconduct, is an insufficient basis for holding a supervisor liable for the constitutional violations of her employees.").

The plaintiff also contends that the defendants improperly disposed of his grievance, but it is equally well settled that prisoners do not have a due process right to an effective prison grievance procedure.  *Graham v. Chicowski*, No. 18-2049, 2019 WL 4381841, at *5 (6th Cir. May 3, 2019) ("Graham was not constitutionally entitled to notice and a hearing before being put on toplock, and even if the defendants did thwart Graham's ability to file a grievance, he did not have any due process right to an effective grievance procedure.").

Finally, as the magistrate judge aptly observed, the complaint does not allege that the plaintiff suffered any adverse consequences in any legal proceeding in connection with the mishandling of his mail; instead, the complaint pleads only that he was required to expend additional effort to procure additional copies of unspecified evidentiary materials that allegedly were removed from the legal correspondence. Compl. ¶ 26, PageID.5. "In order to state a claim for denial of meaningful access to the courts . . . plaintiffs must plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). That requires the plaintiff to identify, at a minimum, a legal cause of action or pending proceeding in which he incurred some adverse consequence as a result of interference with his access to court proceedings. The plaintiff must plead facts showing that he suffered "actual injury" to his legal rights, *Lewis v. Casey*, 518 U.S. 343, 349 (1996), which means that he must allege "for example, that the [interference with his legal affairs] caused [such consequences as] the late filing of a court document or the dismissal of an otherwise meritorious claim," *Pilgrim*, 92 F.3d at 416. He has failed to do so here.

True, in his objections, the plaintiff argues that the missing mail enclosure interfered with the prosecution of a state court appeal and that he will have considerable difficulty recovering or reconstructing the missing document. But that does not address the reality that the defendants he has identified cannot be liable for any constitutional violations under the facts pleaded in the complaint.

The plaintiff's objections do not cite any legal authority that would call into question the magistrate judge's conclusions about the sufficiency of pleading the constitutional claims, and the plaintiff has failed to identify any consequential facts in the complaint that were overlooked in the magistrate judge's analysis.

III.

The magistrate judge did not err in concluding that the plaintiff failed to plead any plausible constitutional claim against the moving defendants.  The plaintiff's objections to the magistrate judge's reasoning are without merit.  The matter also includes claims against another individual defendant who is not mentioned by name in the complaint.  However, the plaintiff believes that he has discovered the identity of the mail room staffer, and he wants to file an amended complaint. *See* ECF No. 24, PageID.119.  The referral of the matter for the conclusion of pretrial proceedings therefore will be continued.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 21) is adopted, the plaintiff's objections (ECF No. 23) are **OVERRULED**, and the motion to dismiss or for summary judgment by defendants Johnson and Cargor (ECF No. 17) is **GRANTED**.  All claims against defendants Andrew Johnson and Kim Cargor are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the referral of the matter to the assigned magistrate judge is **CONTINUED** under the previous order of reference.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  February 28, 2025